**IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
Roanoke Division**

**COSTCO WHOLESALE CORPORATION,**
a Washington corporation,

    Plaintiff,

v.                                                      Civil Action No. 7:20CV00778

**ERIE INSURANCE COMPANY,**

    **Serve: JAMES E WEAVER (Corporate Officer)**
            **Colonnade Corporate Center**
            **2820 Electric Road, Suite 100**
            **Roanoke, Virginia, 24018–3550**

    **Defendant.**

### COMPLAINT FOR DECLARATORY JUDGMENT

Costco Wholesale Corporation ("Costco"), by counsel, hereby asserts its Complaint for Declaratory Judgment and Breach of Contract by alleging and averring as follows:

1.    In this action, Costco seeks declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and Title 28, Section 2201 of the United States Code to declare the rights and other legal relations surrounding questions of actual controversy that presently exists between Costco and Defendant Erie Insurance Company ("Erie").

### PARTIES, JURISDICTION, AND VENUE

2.    Costco is a Washington State corporation with its principal place of business in King County, Washington.

3.    Erie is a Pennsylvania corporation with its principal place of business in Erie, Pennsylvania. Erie's registered agent in Virginia is James E. Weaver located at Colonnade Corporate Center, 2820 Electric Road, Suite 100, Roanoke, Virginia, 24018–3550.



1

Mr. Weaver is also identified by the Virginia State Corporation Commission ("Va. SCC") as an Erie corporate officer.

4. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

5. An actual controversy exists between the Parties within in the meaning of 28 U.S.C. § 2201. This Court is, therefore, vested with the power to declare and adjudicate the rights and other legal relationships of the Parties with reference to the issues pled here.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy involves a dispute between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Erie pursuant to Federal Rule of Civil Procedure 4(k)(1)(A).

8. Venue is proper in the Western District of Virginia pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2) because Erie is subject to this Court's personal jurisdiction here because its registered agent is located in Roanoke, Virginia.

**FACTS**

**A.     Costco is an Additional Insured under D&D's Policy with Erie.**

9. Costco owns Warehouse No. 337 at 1300 Edwards Ferry Road, NE, Leesburg, Virginia 20176 (the "Warehouse").

10. On or about June 6, 2015, Costco entered into a "Snow Plowing Services Agreement" with Erie insured D. and D. Lawn Service, Inc., a Virginia corporation, for



2

removal of snow at the Warehouse (**Exhibit 1**, the "Snow Plowing Contract").[1]  D. and D. Lawn Service, Inc. does business under un-registered fictitious names "D&D Landscaping" and "D&D Lawn Service, Inc."  D. and D. Lawn Service, Inc. entered into the Snow Plowing Contract under its pseudonym "D&D Landscaping."

11.  D. and D. Lawn Service, Inc. executed the Snow Plowing Contract intending it to bind D. and D. Lawn Service, Inc., including its d/b/a pseudonyms "D&D Landscaping" and "D&D Lawn Service, Inc." rather than some other entity:[2]

    a.  D. and D. Lawn Service, Inc.'s Va. SCC "Entity Information" page (**Exhibit 2** at 2 (emphasis added)) identifies its president as David Nordgren.

    b.  The Snow Plowing Contract was executed on behalf of "D&D Landscaping" by its president David Nordgren.  Ex. 1 at 7.

    c.  No registered entity named "D&D Landscaping" exists in Virginia.

    d.  A Virginia corporation named "D. and D. Landscaping, Inc." does exist.  However, that corporation's president is Donald Nordgren, not David Nordgren.

    e.  Neither D&D nor "D. and D. Landscaping, Inc." has any registered fictitious names.

    f.  David Nordgren is the president of D&D and executed the Snow Plowing Contract for D&D in that capacity.  Ex. 1 at 7; Ex. 2 at 2.


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

---

[1] Pursuant to Local Rule 9, Costco will file the Snow Plowing Contract separately along with a Motion to Seal.  Upon information and belief, Defendant Erie currently possesses a copy of the Snow Plowing Contract.

[2] D. and D. Lawn Service, Inc., including its pseudonyms "D&D Landscaping" and "D&D Lawn Service, Inc.," is hereinafter referred to as "D&D."

3

g. Costco was billed for services provided pursuant to the Snow Plowing Contract by D&D under the d/b/a "D&D Lawn Service, Inc.," and Costco paid D&D by issuing payment for services to "D&D Lawn Service, Inc."

12. In 2014, Costco requested a Certificate of Insurance from D&D and received a Certificate of Insurance (**Exhibit 3** (the "COI")) naming "D&D Lawn Service, Inc." (i.e. D&D) as the insured via Erie Policy No. Q36 2920502 (the "Erie Policy," **Exhibit 4**).

13. Upon information and belief, the Erie Policy cited in the COI was renewed without changes relevant to this litigation and was in effect on the date of the alleged incident in question: January 19, 2016.

14. Both D&D and Erie intended the Erie Policy to apply to D. and D. Lawn Service, Inc. and all its registered and un-registered fictitious names, i.e. the entity defined in FN1 as D&D.

    a. No registered entity exists in Virginia with the name "D&D Lawn Service, Inc." (singular).

    b. A Virginia corporation named "D&D Lawn Services, Inc." (plural) existed until terminated on or about June 30, 2018, but that entity's registered agent and president was Daniel J. Salmon of 13417 Hidden Meadow Court, Herndon, Virginia 20171, which was also that entity's principal office address.



    c. The Snow Plowing Contract, the Va. SCC, the COI, and the Erie Policy all list D&D's principal office address as PO Box 1709, Leesburg, Virginia 2017, and both the SCC and the Snow Plowing Contract list David Nordgren as D&D's president. Ex. 1 at ¶12 and page 7 (signature block); Ex. 2 at 2; Ex. 3; Ex. 4 at 2.

15. The Erie Policy was in effect on January 19, 2016 covering D&D.

16. The Snow Plowing Contract required D&D to indemnify Costco for all claims, actions, liabilities, damages, costs and expenses, including attorney's fees, arising out of, among other things, any injury to any person claimed to result in whole or in part from the work described in the Snow Plow Contract. Ex. 1 ¶ 7.

17. The Snow Plowing Contract also required D&D to maintain minimum general liability policy limits and make Costco an additional insured under that required insurance. Ex. 1 ¶ 8.

18. Pursuant to Snow Plowing Contract's requirement that D&D add Costco to the Erie Policy as an additional insured, Costco was an additional insured under the Erie Policy in effect on January 19, 2016.

19. The Erie Policy contains several additional insured provisions and/or endorsements potentially applicable to Costco for various claims. As one example, the Erie Policy includes an Additional Insured Endorsement covering any organization for whom "you [D&D] are performing operations" as an additional insured if the contract between that organization and D&D required "that such person or organization be added as an additional insured on your [D&D's] policy." Ex. 4 at 103 (UF–3866).

20. Thus, the Erie Policy covers Costco for, among other things, bodily injury caused in whole or in part by D&D's acts or omissions performed during ongoing operations for Costco.

**B.     <u>Costco Tendered its Defense to a Lawsuit Based on D&D's Ongoing Work.</u>**

21. Throughout January 2016 (at least), D&D performed ongoing snow removal at the Warehouse pursuant to the Snow Plowing Contract.


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

5

22. On January 19, 2016, Margie Hunter reported to Costco that she slipped and fell on ice in the Warehouse parking lot.

23. On March 6, 2017, Costco made its initial tender of Ms. Hunter's then-unfiled claim to both D&D (for contractual indemnification) and Erie (for coverage as an additional insured).

24. Costco and Erie corresponded from March 30, 2017 until July 27, 2017. On May 18, 2017, Erie's assigned representative emailed Costco's representative stating "we will be handling the claim." Erie never issued any written coverage denial to Costco. After July 27, 2017, Erie's assigned representative simply stopped communicating with or responding to Costco.

25. On December 28, 2017, Ms. Hunter filed a lawsuit in the Circuit Court for the County of Loudoun, Virginia, Case No. CL00112463–00 (the "Hunter Lawsuit," **Exhibit 5**), against Costco and "D&D Lawn Services, Inc." seeking compensation for alleged personal injuries resulting from the alleged fall. On January 30, 2019, the Loudoun County Circuit Court granted Ms. Hunter leave to amend the Hunter Lawsuit to name "D. and D. Lawn Service, Inc." as the proper defendant instead of "D&D Lawn Services, Inc."

26. The Hunter Lawsuit asserted claims of negligence against both D&D and Costco for the alleged failure to remove ice from the Warehouse parking lot, which allegedly caused Ms. Hunter to fall and sustain injuries. Ex. 5 ¶¶ 5, 9–11.

27. On January 3, 2018, Ms. Hunter served Costco with the Hunter Lawsuit.

28. On January 4, 2018, Costco tendered the Hunter Lawsuit to Erie. Erie did not respond.


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

6

29. Erie provided D&D with a defense against the Hunter Lawsuit under the Erie Policy.

30. Costco ultimately reached a settlement of the Hunter Lawsuit on its behalf only which Costco was forced to funded as a result of Erie's refusal to accept the tender and provide a defense. Costco's total defense and settlement costs in the Hunter Lawsuit significantly exceeded $75,000.

31. Upon information and belief, the Hunter Lawsuit was separately resolved as to D&D.

## COUNT I—DECLARATORY JUDGMENT

32. Costco incorporates and restates the allegations of the foregoing paragraphs as if fully restated herein.

33. The Erie Policy required Erie to defend and indemnify Costco against, among other things, "liability for 'bodily injury' . . . caused in whole or in part, by . . . [D&D's] acts or omissions . . . in the performance of [D&D's] ongoing operations for [Costco]." Ex. 4 at 103.

34. Pursuant to the Snow Plowing Agreement, D&D was responsible for inspecting the Warehouse property once per week and providing snowplowing and sanding as requested. Ex. 1 at 8 (Description and Schedule of Work).

35. D&D applied ice-melting agents in the Warehouse parking lot on January 12, 19, and 20, 2016. Accordingly, D&D's work and maintenance of the Warehouse parking lot pursuant to the Snow Plowing Agreement was ongoing as of January 19, 2016.


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

36. The Hunter Lawsuit claimed that Ms. Hunter slipped and fell on ice in the Warehouse parking lot on January 19, 2016 due to the negligence of both Costco and D&D. Ex. 5 ¶¶ 5, 8–11.

37. The facts and allegations of the Hunter Lawsuit all involve damages claims stemming from D&D's ongoing work and/or maintenance of the Warehouse parking lot. *Id.*

38. Erie had a duty to defend and indemnify Costco in the Hunter Lawsuit.

39. Costco properly and timely tendered Ms. Hunter's initial claim and the Hunter Lawsuit to Erie. In response to Costco's tender and follow up calls and correspondence, Erie emailed Costco that it would be "handling" the Hunter claim. Erie never issued any written denial or rejection of Costco's tenders of the Hunter claim or the Hunter Lawsuit.

40. The amount of Costco's settlement of the Hunter Lawsuit, and the amount of the defense fees and costs incurred by Costco in that lawsuit, were reasonable. Regardless, due to its lack of response to, and/or constructive refusal of, Costco's tender Erie forfeited its right to contest Costco's defense or settlement.

41. Erie's failure to provide actual coverage to Costco after initially acknowledging responsibility for Ms. Hunter's claim and its failure to issue any written denial or rejection of Costco's tenders demonstrates that Erie was "not acting in good faith" within the meaning of Va. Code Ann. § 38.2–209.

42. Costco is therefore entitled to "recover from [Erie] costs and such reasonable attorney fees as the court may award" in this action. Va. Code Ann. § 38.2–209.

43. The Court should enter declaratory judgment in Costco's favor.


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

44. There exists a justiciable controversy of such immediacy between Costco and Erie that this Court should declare the Parties' respective rights to avoid the further accrual of damages to Costco.

**COUNT II—BREACH OF CONTRACT**

45. Costco incorporates and restates the allegations of the foregoing paragraphs as if fully restated herein.

46. Erie breached the Erie Policy as to Costco by failing to accept Costco's tenders, by failing to fulfil its duty to defend Costco, and by failing to fund Costco's settlement of the Hunter Lawsuit.

47. Erie's breach caused Costco to incur the cost of defending the Hunter claim and the Hunter Lawsuit, the cost of Costco's settlement of the Hunter Lawsuit, and the cost of this action.

**CONCLUSION**

WHEREFORE, Costco Wholesale Corporation, by counsel, respectfully requests that this Court issue an Order declaring that:

(1) Erie had a duty to defend Costco in the Underlying Action, and awarding Costco its costs incurred defending the Hunter Lawsuit;

(2) Erie had a duty to pay the reasonable settlement reached by Costco in the Hunter Lawsuit, and awarding Costco the amount of its settlement of the Hunter Lawsuit;

(3) Erie's failure to properly handle Costco's defense against Ms. Hunter's claim and the Hunter Lawsuit after accepting that responsibility in writing, and Erie's cessation of communications with Costco concerning that matter, were not in good faith, and awarding Costco its costs and attorney's fees in this action; and


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

9

(4) that Costco is awarded all such other and further relief that the Court deems appropriate and just.

          Respectfully submitted,

          COSTCO WHOLESALE CORPORATION

          By: /s/  Samuel T. Bernier
                 Of Counsel

Phillip V. Anderson (VSB No. 23758)
Samuel T. Bernier (VSB No. 81863)
FRITH ANDERSON + PEAKE
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone:   (540) 772-4600
Fax:      (540) 772-9167
Email:    panderson@faplawfirm.com
            sbernier@faplawfirm.com

Counsel for:  *Costco Wholesale Corporation*

